**Emery H. HUGHES et ux., Appellants,**

v.

**Zelta Harmon McANGUS et al., Appellees.**

**No. 11241.**

Court of Civil Appeals of Texas.

Austin.

Nov. 18, 1964.

Sneed & Vine, J. P. Darrouzet, Austin, for appellants.

W. Sale Lewis, Vandygriff, Presnal & Baker, Austin, for appellees.

ARCHER, Chief Justice.

This suit was instituted by appellees against appellants on a promissory note for the original sum of $9,300.00 dated March 1, 1961, bearing 4% interest and payable in monthly installments of $45.00 each.

Four of such monthly payments were paid and credited.

The note provided in case of default in the payment of any of the installments that the holders should have the right to declare the entire balance due, and provided for 10% of the principal and interest as attorney's fees.

Plaintiffs alleged default in the payments and elected to declare the entire note due and payable, and that the note had been placed in the hands of the attorneys filing the suit for collection and sought 10% as attorney's fees, and that such was reasonable, and prayed for judgment for $9,319.00 as principal and for $931.00 as attorneys fees, there being no specific prayer for interest, but for costs and such other and further amounts as they might show themselves entitled to in law and equity.

The defendants answered by general denial and the coverture of Katherine B. Hughes.

The case was tried by the Court without the aid of a jury on October 1, 1962 and judgment, dated and signed March 4, 1964, was rendered for the plaintiffs in the sum of $9,655.98 as principal and interest and the sum of $965.59 as attorney's fees with

interest at the rate of 4% from the 1st day of October, 1962 and costs of Court.

At the request of defendants, the Court made Findings of Fact and Conclusions of Law, to the effect that the note was executed by defendants in the sum as alleged by plaintiffs and of the payments and that the note was not barred by limitations. The Court found in favor of the plaintiffs for the amounts set out in the judgment. The note sued on was in evidence and provides for 4% interest and attorney's fees.

Appellants have assigned as error the action of the Trial Court in allowing judgment against Mrs. Katherine B. Hughes in the face of a plea of coverture. Appellees have conceded this to be error and we will not consider this point further, but will reform the judgment in such manner as to not allow recovery against Mrs. Hughes.

The second point is directed to the action of the Court in awarding interest because there was no prayer for such recovery.

Appellants' position is that plaintiffs can have no more than that for which they plead and cite Texas Digest, Judgments, ⟪253(2) and West Texas District Baptist Ass'n v. Pilgrim Rest Baptist Church, Tex.Civ.App., 368 S.W.2d 814, er. ref., N.R.E.

We believe that appellants' contention would be good if the recovery of interest was for damages and not under a contract providing for interest.

The plaintiffs are entitled to 4% interest as provided in the note and such may be recovered in a plea for relief in law and in equity as alleged in the pleadings.

Art. 5070, Vernon's Ann.Civ.St.; 33 Tex. Jur.2d 560; Dunnam v. Dillingham, Tex. Civ.App., 345 S.W.2d 314, no writ history; San Antonio & A. P. Ry. Co. v. Collins, Tex.Com.App., 61 S.W.2d 84 (judgment approved).

The judgment of the Trial Court is reformed so as to deny any recovery against Katherine B. Hughes, but in all other respects, it is affirmed.

Reformed and as reformed, affirmed.